UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LESTER MORGAN,

        Petitioner,

v.                              CASE NO. 04-CV-74685-DT
                                  HONORABLE ARTHUR J. TARNOW

PAUL H. RENICO,

        Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Petitioner William Lester Morgan has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's state convictions on eight grounds. Because the grounds for relief lack merit, the habeas petition is denied.

### I. Background

Petitioner was charged in Saginaw County, Michigan with assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, and making a false report of a felony, Mich. Comp. Laws § 750.411a(1)(b). The charges arose from

> an assault on his wife, Ronella Morgan. She testified that she and [Petitioner] had been visiting relatives and that a confrontation between [Petitioner] and a brother-in-law lead [sic] to an argument between [Petitioner] and the victim on their drive home. The victim went to the neighbor's [home] for a while to escape the argument, which resumed when she returned home. She then went to a bar owned by her cousin, staying about one-half hour. Upon her return home, [Petitioner] physically assaulted her. She was struck several times, resulting in broken bones in her face (specifically the area of her left eye and nose), her right eye was swollen shut, there was bruising to her arm and the loss of blood. At trial, the victim reported that the vision has not yet returned to normal, that she had to have a mental plate in her face, and that she still has numbness between her eye and her nose.
>
> [Petitioner] drove the victim to the hospital. On the way, he told her to tell the

*Morgan v. Renico*, No. 04-74685

story that she had been jumped, beaten and robbed.  At the hospital, she heard [Petitioner] tell that story to the investigating officer.  The officer confirmed that [Petitioner] gave him that version of events.

*People v. Morgan*, No. 242731, 2003 WL 22399525, at *1 (Mich. Ct. App. Oct. 21, 2003) (unpublished decision).

Following a jury trial in Saginaw County Circuit Court, Petitioner was convicted as charged.  The trial court sentenced Petitioner as a habitual offender to imprisonment for eight to twenty years for the assault and to a concurrent term of five and a third to eight years for making a false report.

Petitioner appealed as of right.  He raised his first four habeas claims through counsel and his remaining habeas claims in a *pro se* supplemental brief.  The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished *per curiam* opinion.  *See id.*

Petitioner raised the same claims in the Michigan Supreme Court, which initially held Petitioner's case in abeyance pending a decision in another case.  *See People v. Morgan*, 680 N.W.2d 418 (2004) (unpublished decision).  On August 31, 2004, the supreme court denied leave to appeal.  *See People v. Morgan*, 471 Mich. 870; 685 N.W.2d 671 (2004) (unpublished decision).

Petitioner filed his habeas corpus petition on December 7, 2004.  The grounds for relief are:

    I.    Appellant was denied a fair trial and due process of law where the prosecution failed to endorse Marcus Morgan on the list of witnesses without a showing of good cause and defendant was denied a fair trial and/or the effective assistance of counsel when counsel failed to object.

*Morgan v. Renico*, No. 04-74685

II.     While cross-examining Mr. Morgan the prosecutor improperly asked him whether the People's witnesses were lying, and counsel was ineffective in failing to object.

III.    The sentencing guidelines were miscalculated and no points should have been given for OV19.

IV.     The court reversibly erred in failing to instruct the jury on aggravated assault.

V.      Defendant is unconstitutionally restrained of his liberty where he is actually innocent of the offense underlying his conviction and imprisonment.

VI.     Violation of the spousal immunity privilege deprived the defendant of the right to a fair jury trial under the Fourteenth Amendment of the United States Constitution and also § 17 Article 1 of the Michigan Constitution.

VII.    Prosecutorial conduct was so egregious that it denied Mr. Morgan his rights to a fair trial before impartial peers of adjudicators, thus violating the due process right under the 14th Amendment of the U.S. Constitution and also Article 1 § 17 of the Michigan Constitution.  Also his rights under the 5th & 6th Amendments and Article 1 § 20 of the Michigan Constitution were violated when the province of the jurors was invaded by prosecutorial misconduct.

VIII.   Judiciary failure to engage adjudicative responsibility denied Mr. Morgan the right to a fair and impartial jury trial under the 14th Amendment of the U.S. Constitution and also § 20, Article 1 of the Michigan Constitution and the 6th Amendment and § 20 Article 1 of both Constitutions when such failure resulted in a guilty verdict "judiciarily" swayed by partisan interests and a partial performance in the administration and dispensation of law and court rules.

Respondent urges the Court to deny the habeas petition on the grounds that Petitioner's claims lack merit and raise issues of state law.

3

*Morgan v. Renico*, No. 04-74685

## II.  Standard of Review

Section 2254(d) of Title 28, United States Code, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  *Id*. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id*. at 411.

4

*Morgan v. Renico*, No. 04-74685

### III.  Discussion

### A.  The Prosecutor's Conduct - Claims I, II, VI, and VII

Four of Petitioner's claims allege prosecutorial misconduct. The Michigan Court of Appeals concluded that the claims lacked merit or that they could have been resolved with a timely objection.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004), *cert.* denied, 544 U.S. 921 (2005).  To prevail on a claim of prosecutorial misconduct, Petitioner must demonstrate that the prosecutor's remarks, taken in the context of the entire trial, were sufficiently prejudicial and infected the trial with such unfairness as to make the resulting conviction a denial of due process.  *Donnelly v. DeChristoforo*, 416 U.S. 637, 639, 643 (1974).  It is not enough to show that the prosecutor's conduct or remarks were undesirable or even universally condemned.  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).  "On habeas review, the standard to be applied to claims of prosecutorial misconduct is whether the conduct was 'so egregious as to render the entire trial fundamentally unfair.'"  *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (quoting *Cook v. Bordenkircher*, 602 F.2d 117, 119 (6th Cir. 1979)).

When reviewing claims of prosecutorial misconduct, courts first ask whether the prosecutor's conduct or remarks were improper.  *Slagle v. Bagley,* 457 F.3d 501, 515-16 (6th Cir. 2006).  If the conduct or remarks were improper, the court must consider whether the improper acts were so flagrant as to warrant reversal.  *Id.* at 516.  The four factors to consider when analyzing conduct for flagrancy are:  "(1) whether the evidence against the defendant was

5

*Morgan v. Renico*, No. 04-74685

strong; (2) whether the conduct of the prosecution tended to mislead the jury or prejudice the

defendant; (3) whether the conduct or remarks were isolated or extensive; and (4) whether the

remarks were made deliberately or accidentally." *Id.*

"[S]tate courts have substantial breathing room when considering prosecutorial

misconduct claims because 'constitutional line drawing [in prosecutorial misconduct cases] is

necessarily imprecise.'" *Id.* (alteration in original) (quoting *Donnelly*, 416 U.S. at 645).

Moreover,

> [i]n determining whether prosecutorial misconduct mandates habeas relief,
> [courts] apply the harmless error standard. *Pritchett v. Pitcher,* 117 F.3d 959, 964
> (6th Cir. 1997). An error is found to be harmless unless it "had substantial and
> injurious effect or influence in determining the jury's verdict." *Brecht v.
> Abrahamson,* 507 U.S. 619, 638 (1993).

*Bates v. Bell*, 402 F.3d 635, 641 (6th Cir.), *cert. denied*, __ U.S. __, 126 S. Ct. 163 (2005).

### 1. Late Endorsement of a Witness

### a. The Prosecutor's Violation of State Law

Petitioner alleges that he was denied a fair trial and due process of law because the

prosecution failed to endorse Marcus Morgan as a witness before trial. Petitioner claims that the

prosecutor failed to show "good cause" for failing to endorse the witness earlier.

Pursuant to Mich. Comp. Laws § 767.40a(1), prosecutors are required to attach to the

criminal information a list of all witnesses who might be called at trial and all *res gestae*

witnesses. Not less than thirty days before trial, the prosecutor must submit a list of witnesses

that he or she intends to produce at trial. Mich. Comp. Laws § 767.40a(3). The prosecutor may

6

*Morgan v. Renico*, No. 04-74685

add or delete witnesses from that list at any time on leave of court and for good cause shown or by stipulation of the parties.  Mich. Comp. Laws § 767.40a(4).

The prosecutor listed ten witnesses as prosecution witnesses on the criminal information. The names of six of those witnesses were preceded by an asterisk, which meant that the prosecutor intended to produce the witness at trial.  Marcus Morgan was listed as a prosecution witness, but there was no asterisk before his name.  Near the end of the second day of trial, the prosecutor called eleven-year-old Marcus as a witness.  Marcus testified that he saw Petitioner hitting his mother.

Even assuming that the prosecutor violated the requirements for endorsing witnesses under state law, "[a] federal court may not issue the writ on the basis of a perceived error of state law."  *Pulley v. Harris,* 465 U.S. 37, 41 (1984).  As explained in *Hence v. Smith*, 37 F. Supp. 2d 970, 982 (E.D. Mich. 1999) (Gadola, J.),

> the state's failure to endorse a witness prior to calling that witness to testify does not violate any federal constitutional right and is not grounds for federal habeas relief.  *Mitchell v. Wyrick*, 698 F.2d 940, 943 (8th Cir. 1983), *cert. den.* 462 U.S. 1135, 103 S.Ct. 3120, 77 L.Ed.2d 1373 (1983); *Drews v. State of Minnesota,* 407 F.2d 1307, 1309 (8th Cir.1969); *Winkler v. Solem,* 525 F. Supp. 117, 120 (D. S.D. 1981); *aff'd* 688 F.2d 594 (8th Cir. 1982).  It is not a fundamental error to permit a prosecutor to endorse a witness in the course of a trial even though the prosecutor had previously filed an affidavit that such witness did not have material evidence to offer.  *Whalen v. Johnson,* 438 F. Supp. 1198 (E.D. Mich. 1977).

"Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment."  *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir.) (citing *Estelle v.*

*Morgan v. Renico*, No. 04-74685

*McGuire*, 502 U.S. 62, 69-70 (1991)), *cert. denied*, 543 U.S. 892 (2004).   The alleged error here was not fundamentally unfair, because the underlying purpose of § 767.40a is to provide notice to the accused of potential witnesses, *People v. Callon*, 256 Mich. App. 312, 327; 662 N.W.2d 501, 512 (2003).  Petitioner received advance notice that Marcus Morgan was a prosecution witness.  Marcus was listed as a prosecution witness on the criminal information, and the prosecutor indicated during *voir dire* that Marcus was a potential witness.  Petitioner expressed no surprise when Marcus was called as a witness, and he failed to lodge an objection or request a continuance.

The prosecution's failure to place an asterisk before Marcus' name on the criminal information could have been the result of mere negligence, which "is not the type of egregious case for which the extreme sanction of precluding relevant evidence is reserved."  *Id.*, 256 Mich. App. at 328; 662 N.W.2d at 512.  The Court concludes that the prosecutor's failure to timely endorse Marcus Morgan as a witness did not violate Petitioner's rights to due process and a fair trial.

### b.  Defense Counsel's Failure to Object

Petitioner contends that defense counsel was ineffective for failing to object to the prosecutor's late endorsement of Marcus Morgan.  The Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), "qualifies as 'clearly established Federal law'" for purposes of evaluating ineffective-assistance-of-counsel claims.  *Williams*, 529 U.S. at 391.  Pursuant to *Strickland*, Petitioner must demonstrate that his attorney's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.  Petitioner "must

8

*Morgan v. Renico*, No. 04-74685

show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. He also must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The failure to object to the calling of Marcus Morgan as a witness did not amount to deficient performance, because Marcus was a *res gestae* witness and defense counsel was given notice that Marcus was a potential witness for the prosecution. If defense counsel had objected to the late endorsement, the trial court likely would have denied a request to exclude Marcus' testimony. At most, the trial court would have given defense counsel an opportunity to interview Marcus.

Furthermore, as explained by the Michigan Court of Appeals,

the prosecutor's case was strong without Marcus having testified. The jury could certainly have been justified in convicting defendant based upon the victim's testimony alone. Moreover, the defense was based upon the theory that the victim had been robbed, but that the victim chose to blame defendant rather than the unknown robber because the victim was intoxicated. But for the jury to believe that theory, they would have to conclude that the victim was lying about how much she had had to drink and that the emergency room physician was incorrect in her assessment that the victim was not intoxicated. Further, the jury would have had to believe defendant's testimony that the investigating officer lied because he harbored ill will towards defendant because the police had been summoned in the past on a domestic violence call which the victim later recanted. Finally, defendant's theory was not consistent with the fact that the victim's blood was found inside the house, but not outside the house where the alleged robbery took place.

*Morgan*, 2003 WL 22399525, at *2.

There is not a reasonable probability that the outcome of the trial would have been different had defense counsel objected to the late endorsement of Marcus Morgan. Therefore,

9

*Morgan v. Renico*, No. 04-74685

the state court's conclusion that defense counsel was not ineffective did not result in an unreasonable application of *Strickland*.

### 2.  Asking Whether Prosecution Witnesses Lied

#### a.  The Prosecutor's Questions

Petitioner alleges that the prosecutor improperly asked him on cross examination whether the prosecution witnesses had lied.  In Michigan, prosecutors may not ask the defendant to comment on the credibility of prosecution witnesses, because the "[d]efendant's opinion of their credibility is not probative of the matter."  *People v. Buckey*, 424 Mich. 1, 16-17; 378 N.W.2d 432, 439-40 (1985).  Thus, under state law, the prosecutor's question to Petitioner about the truth or falsity of other witnesses' testimony was improper.

The questions likely did not mislead the jury, however, because Petitioner's defense was that he did not know what happened to his wife and that she might have been assaulted outdoors by a robber.  This version of the facts was not credible because neither Petitioner nor his wife called the police to report a robbery, and the victim informed a physician and a police officer who interviewed her at the hospital that Petitioner had assaulted her.  The jury could have inferred that Petitioner was lying, because his testimony conflicted with the testimony of other witnesses.  The Court concludes that, even if the prosecutor's conduct was improper under state law, it was not flagrant misconduct.

#### b.  Defense Counsel's Failure to Object

Petitioner contends that his trial attorney was ineffective for not objecting to the prosecutor's questions about whether the prosecution witnesses had lied.  There is no reasonable

10

*Morgan v. Renico*, No. 04-74685

probability that Petitioner would have been acquitted if defense counsel had objected to the prosecutor's questions and the trial court had given a curative instruction. The evidence against Petitioner was substantial, and the defense case was weak.   Therefore, the state court's conclusion that Petitioner was not prejudiced by the questions did not result in an unreasonable application of *Strickland.*

### 3.  Spousal Immunity

Petitioner alleges next that the prosecution violated the rule on spousal immunity and that the error deprived Petitioner of his right to due process and a fair trial.  The Michigan Court of Appeals determined that, under state law, the complainant could testify without Petitioner waiving the spousal privilege.

"[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, __, 126 S. Ct. 602, 604 (2005); *see also Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (stating that "this Court 'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition"). Even if the state court misapplied the rule on spousal privilege, the error would not establish a constitutional due process violation.  *Byrd v. Armontrout*, 880 F.2d 1, 9-10 (8th Cir. 1989).

Moreover, Petitioner's claim has no merit under state law.  Although a person may not testify against his or her spouse unless the defendant consents to the testimony, Mich. Comp. Laws § 600.2162(2), an exception exists when the defendant is charged with committing a personal wrong or injury against the testifying spouse, Mich. Comp. Laws § 600.2162(3)(d).

11

*Morgan v. Renico*, No. 04-74685

Petitioner's consent to his wife's testimony was not needed, because he was charged with committing a crime against his wife.

### 4. Invading the Jury's Province

Petitioner's final claim about the prosecutor is that the prosecutor's conduct was so egregious as to deprive Petitioner of a fair trial. None of the instances of misconduct alleged above amounted to flagrant conduct. Nor do Petitioner's other allegations about the prosecutor warrant habeas relief. He alleges in his reply to Respondent's answer that the prosecutor used perjured testimony, but there is no support for this contention in the record.

Petitioner alleged in his state appellate brief that the prosecutor engaged in character assassination, used inflammatory language, and proved guilt by showing predisposition. The references to Petitioner's prior acts of domestic abuse and to Petitioner's status as a parolee were first raised by defense counsel. The prosecutor did call Petitioner a "control freak" in his closing argument. However, the prosecutor's theory was that Petitioner beat his wife in an effort to control her, and the label "control freak," while pejorative, was fairly innocuous. *Cole v. Saunders*, No. 7:01CV00395, 2002 WL 32074707 (W.D. Va. Mar. 27, 2002) (unpublished decision).

The prosecutor also suggested during closing arguments that Petitioner was lying and that the prosecution witnesses had told the truth and had no motive to lie. Prosecutors may not express their personal opinions on the truth or falsity of any testimony, but "counsel must be given leeway to argue reasonable inferences from the evidence." *United States v. Collins,* 78 F.3d 1021, 1039-40 (6th Cir. 1996). Consequently, when "there is conflicting testimony, it may

12

*Morgan v. Renico*, No. 04-74685

be reasonable to infer, and accordingly to argue, that one of the two sides is lying." *Id.* at 1040. "Questioning a defendant's veracity is not tantamount to saying that he should be presumed guilty or that he need not be proved guilty beyond a reasonable doubt." *United States v. Veal,* 23 F.3d 985, 989 (6th Cir. 1994). Because Petitioner "put his veracity at issue by taking the stand, . . . the prosecutor's argument on this point was not clearly improper." *Id*.

The prosecutor's conduct did not infect the trial with such unfairness as to make the resulting conviction a denial of due process. Therefore, the state court's rejection of Petitioner's claims regarding the prosecutor did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent.

### B.  The Sentencing Guidelines - Claim III

Petitioner alleges that the state sentencing guidelines were miscalculated. At issue is offense variable 19, which measures the extent to which the defendant was a threat to the security of a penal institution or court or interfered with the administration of justice or the rendering of emergency services. Mich. Comp. Laws § 777.49. This offense variable was relevant to Petitioner's conviction for making a false report of a felony. Petitioner argues that there was no evidence that he made a false report of a robbery and, therefore, offense variable 19

*Morgan v. Renico*, No. 04-74685

should not have been scored at ten points.[1]  Petitioner also argues that the assessment of ten

points for offense variable 19 was unconstitutional.

The Michigan Court of Appeals determined that "this case goes beyond merely lying to

the police about being guilty, but affirmatively interfering with the administration of justice by

inventing a crime where none existed, and falsely reporting that non-existent crime to the

police."  *Morgan*, 2003 WL 22399525, at *3.  The court of appeals concluded that  the

sentencing guidelines were correctly scored.

The issue is one of statutory interpretation, *People v. Barbee*, 470 Mich. 283, 285;  681

N.W. 2d 348, 349 (2004), and questions of state sentencing law are not cognizable on federal

habeas corpus review.  *Miller v. Vasquez,* 868 F.2d 1116, 1118-19 (9th Cir. 1989); *Branan v.*

*Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988).  In particular, a petitioner's claim that sentencing

guidelines were incorrectly scored fails to state a claim for which relief may be granted, because

it is a state law claim.  *Long v. Stovall*, 450 F. Supp. 2d 746, 754 (E.D. Mich. 2006) (Gadola, J.);

*Whitfield v. Martin*, 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001) (Tarnow, J.).  Federal courts

may grant the writ of habeas corpus only on the ground that the petitioner is "in custody in

violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

---

[1]  Offense variable nineteen must be scored at ten points if "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice."  Mich. Comp. Laws § 777.49(c).  The offense variable must be scored at zero points if "[t]he offender did not threaten the security of a penal institution or court or interfere with or attempt to interfere with the administration of justice or the rendering of emergency services by force or threat of force." Mich. Comp. Laws § 777.49(d).

*Morgan v. Renico*, No. 04-74685

The only constitutional issue that the Court can discern is whether the trial court relied on "misinformation of constitutional magnitude" when sentencing Petitioner. *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)). As noted, offense variable nineteen measures interference with, or the attempt to interfere with, the administration of justice. Such interference is not limited to conduct interfering with the judicial process; it encompasses conduct interfering with the investigation of crime, which is critical to the administration of justice. *Barbee*, 470 Mich. at 287-88; 681 N.W.2d at 350-51.

Police Officer Charles Coleman testified that Petitioner informed him that his wife was assaulted and robbed in the driveway of their home. Because this evidence established interference with the investigation of a crime and the administration of justice, it cannot be said that the trial court relied on "extensively and materially false" information, which Petitioner had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Petitioner's due process claim has no merit, and his state law claim is not cognizable here.

## C. The Jury Instructions - Claim IV

Petitioner alleges that the trial court should have granted his request to instruct the jury on the lesser-included offense of aggravated assault. The Michigan Court of Appeals stated that, because aggravated assault is not a necessarily lesser included offense of assault with intent to commit great bodily harm, Petitioner was not entitled to a jury instruction on aggravated assault.

15

*Morgan v. Renico*, No. 04-74685

### 1.  The Lack of a Cognizable Claim

The Supreme Court has declined to hold that due process requires the giving of jury instructions on lesser-included offenses in non-capital cases.  *See Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980).  The Court of Appeals for the Sixth Circuit has interpreted *Beck* to mean that "the Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir. 1990) (*en banc*)).  "[F]ailure to instruct on a lesser included offense in a noncapital case is not 'such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.'" *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002) (quoting *Bagby*, 894 F.2d at 797).  Consequently, Petitioner's claim about the trial court's failure to instruct on a lesser-included offense is not cognizable on habeas review.

### 2.  The Merits

Petitioner's claim would have no merit even if it were cognizable on habeas review.  A defendant generally "is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988) (citing *Stevenson v. United States*, 162 U.S. 313 (1896)).  *Mathews* is not controlling, however, if there is no basis on which to overcome the state court's factual findings that there was insufficient evidence to support the defendant's theory.  *Mitzel v. Tate*, 267 F.3d 524, 537 (6th Cir. 2001).  "[A] Beck instruction is only required when 'there was evidence which, if believed, could reasonably have led to a verdict of guilt of a lesser offense,' *but not the*

16

*Morgan v. Renico*, No. 04-74685

*greater.*" *Campbell*, 260 F.3d at 541 (emphasis added) (quoting *Hopper v. Evans*, 456 U.S. 605, 610 (1982)).  "A lesser-included offense instruction is therefore not required when the evidence does not support it. . . ." *Id.*

The greater offense here was assault with intent to commit great bodily harm less than murder.  The elements of that offense are:   "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v. Brown*, 267 Mich. App. 141, 147; 703 N.W.2d 230, 236 (2005) (emphasis omitted) (quoting *People v. Parcha,* 227 Mich. App. 236, 239; 575 N.W.2d 316, 318 (1997)), *appeal den.*, 474 Mich. 989; 707 N.W.2d 347 (2005).  Petitioner wanted an instruction on the lesser misdemeanor offense of aggravated assault.  The elements of that offense are:  "(1) an assault without a weapon; (2) the infliction of serious or aggravated injury; and (3) no intent to commit murder or to inflict great bodily harm." *People v. Chandler*, No. 252405, 2005 WL 658837, at *2 (Mich. Ct. App. Mar. 22, 2005)  (unpublished opinion) (citing MCL 750.81a(1)).

Although the two offenses are similar, the evidence adduced at trial indicated that Petitioner intended to do great bodily harm.  Mrs. Morgan testified that Petitioner fractured two bones near her eye and three bones in her nose.  A metal plate was inserted in her face, and she expected to keep the metal plate in place for life.  She was unable to see for six days and her vision was still blurry at trial.  She had regained her sense of smell, but she continued to experience numbness between her eye and nose.

The jury could not have found Petitioner guilty of aggravated assault without also finding him guilty of assault with intent to do great bodily harm less than murder.  Thus, the lack of an

17

*Morgan v. Renico*, No. 04-74685

instruction on aggravated assault did not violate Petitioner's right to due process or his right to present a defense.

### D.  Actual Innocence - Claim V

Petitioner alleges next that he is actually innocent of the offense for which he was convicted and is imprisoned.  He maintains that no investigation was done to support his theory that a robbery occurred and that his wife was injured during the robbery.

The record also does not support Petitioner's claim of innocence.  Mrs. Morgan testified that Petitioner hit her in the face and instructed her to say, if asked, that she was jumped on, beat up, and robbed.  Although Mrs. Morgan had recanted other accusations of domestic violence in the past, she explained that she recanted the accusations in part because she was afraid of Petitioner.  Detective Timothy Fink testified that Mrs. Morgan had expressed a desire to proceed with the prosecution in this case.

Marcus Morgan testified that he woke up to yelling on the night in question.  He looked downstairs and saw his father hitting his mother.  He told his father to stop, but his father hit his mother in the face, and Marcus saw blood on the floor.  When defense counsel asked Marcus on cross-examination whether it was possible that his father was helping his mother get up off the floor, Marcus answered that his father helped his mother get up after he stopped hitting her.

Dr. Stephanie Duggan testified that Mrs. Morgan informed her that Petitioner had struck her repeatedly on the head and on the face.  There was no evidence supporting Petitioner's

18

*Morgan v. Renico*, No. 04-74685

theory that an unknown person may have beat and robbed his wife.  Therefore, this claim lacks

merit.

### E.  The Trial Judge - Claim VIII

The eighth and final habeas claim alleges that the trial judge's "partisan interests"

deprived Petitioner of a fair and impartial trial.  The Michigan Court of Appeals stated on review

of this claim that it was not persuaded that the trial court acted partially or otherwise abused its

judicial discretion.

The Court of Appeals for the Sixth Circuit recently explained that,

a judge's misconduct at trial may be 'characterized as bias or prejudice' only if 'it
is so extreme as to display clear inability to render fair judgment,' so extreme in
other words that it 'display[s] a deep-seated favoritism or antagonism that would
make fair judgment impossible.  '[J]udicial remarks during the course of a trial
that are critical or disapproving of, or even hostile to, counsel, the parties, or their
cases ordinarily do not support a bias or partiality challenge . . . .  [But] they will
do so if they reveal such a high degree of favoritism or antagonism as to make fair
judgment impossible.'  '[E]xpressions of impatience, dissatisfaction, annoyance,
and even anger, that are within the bounds of what imperfect men and women . . .
sometimes display,' by contrast, do not establish such bias or partiality.

*Lyell v. Renico*, 470 F.3d 1177, 1186-87 (6th Cir. 2006) (internal citations omitted) (quoting

*Liteky v. United States*, 510 U.S. 540, 551, 555-56 (1994)).  There is no evidence of judicial bias

or favoritism in this case.  In fact, this Court has detected no expressions of hostility or

antagonism toward Petitioner, defense counsel, or the defense theory.  The trial judge was even-

tempered, and he sustained and overruled objections made by both parties.

The trial court did deny Petitioner's request for a different trial attorney, but the request

was made on the day set for trial, and the trial court noted that it had granted a previous request

19

*Morgan v. Renico*, No. 04-74685

for substitution of counsel.  The court stated that the present attorney and the previous defense

attorney were very competent attorneys.  The court expressed great respect for the current

attorney, noting that the attorney would not be on the court's appointment list if he were not a

very capable attorney.

There is no evidence supporting Petitioner's claim of bias or prejudice.  Consequently,

the state appellate court's decision was not contrary to, or an unreasonable application of, *Liteky*.


## IV.  Conclusion

The state court's adjudication of Petitioner's claims was not contrary to, nor an

unreasonable application of, Supreme Court precedent.  Accordingly, the application for a writ

of habeas corpus is  DENIED.



s/Arthur J. Tarnow                                   
Arthur J. Tarnow
United States District Judge


Dated:  February 14, 2007


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record
on February 14, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles                          
Judicial Secretary

20